UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E.A. CROSS, | No. 2:23-cv-00357-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA ATTORNEY GENERAL, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## II.     Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel in this civil action.

## III.    Allegations in the Complaint

In claim one, plaintiff contends that his sentence exceeds the statutory maximum and is unconstitutional. As a result, his continued incarceration constitutes cruel and unusual punishment in violation of the Eighth Amendment. In his second claim for relief, plaintiff asserts that he was required to pay restitution as an unauthorized part of his sentence. In plaintiff's third claim, he alleges that he has been denied access to the courts and a fair hearing. By way of relief, plaintiff seeks his immediate release from prison, the expungement of his criminal record, and the

return of all restitution and court fees.  ECF No. 1 at 6.

**IV.     Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In this case, plaintiff has filed a civil rights action seeking his immediate release from prison.  However, no such remedy is available in this civil action.  Preiser, 411 U.S. at 500.  Even if the court construed the present action as a habeas corpus petition, dismissal would still be required because it would constitute an unauthorized second or successive habeas petition.[1]  See 28 U.S.C. § 2244(b)(3)(A) (requiring authorization from the appropriate court of appeals before the district court may consider a successive habeas corpus petition).  Based on the nature of the relief that plaintiff seeks along with the lack of prior authorization to file a second or successive federal habeas petition, the undersigned recommends dismissing plaintiff's complaint.

Once the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  In this

---

[1] The court takes judicial notice of the proceedings in Cross v. Corona, No. 2:09-cv-0488-LKK-KJM (E.D. Cal.), in which plaintiff filed a federal habeas corpus petition challenging his 2003 convictions in the Sacramento County Superior Court resulting in a sentence of 55 years-to-life plus a determinate term of 22 years and 8 months.  This habeas petition was dismissed on March 31, 2010.  See Cross v. Corona, No. 2:09-cv-0488-LKK-KJM (E.D. Cal.) at ECF No. 61.  In addition, plaintiff filed a second federal habeas corpus petition in Cross v. Covello, No. 2:22-cv-00682-KJM-EFB (E.D. Cal.), which was dismissed on June 16, 2022 as an unauthorized second or successive habeas challenge.

case, plaintiff cannot cure the identified defect because the relief he seeks is not available in this civil rights action.  Therefore, the undersigned recommends that the complaint be dismissed without leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 13) are granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied.
4. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed for failing to state a claim upon which relief may be granted.
2. All pending motions (ECF No. 7) be denied as moot.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

/////
/////
/////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cros0357.F&R.conviction